This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Valerie L. Basinger, appeals the trial court's judgment entry overruling her Motion for Change of Residential Parent Status.
Appellant and appellee, Terry L. Basinger, were divorced on October 11, 1990. By agreement of both parties, appellee was named the residential parent of their minor child, Adam Basinger ("Adam"), who was born on September 28, 1987 and was two years old at the time. Appellee has been the residential parent and legal custodian of Adam since the divorce.
On July 25, 1991, appellant filed a Motion for Shared Parenting in the trial court, which was overruled on December 30, 1993. On October 15, 1996, appellant then filed a Motion for Change of Residential Parent Status, which forms the basis for the instant appeal. A hearing on that motion was conducted beginning on March 19, 1997. At some point after the conclusion of the hearings on appellant's motion, the trial court conducted an in-camera interview with Adam. During that interview, Adam expressed a desire to live with appellant.
In a judgment entry dated April 2, 1998, the trial court overruled appellant's motion and issued findings of fact and conclusions of law. The court found that appellant, failed to introduce any evidence indicating that the current living arrangement has a material and adverse effect upon Adam. Indeed, the court determined that the only change in the circumstances of the child arises from Adam's expressed desire to reside with appellant. The court further found that the evidence supported the fact that the advantages of the change of environment were outweighed by the harm likely to be caused by such environmental changes. In making that determination, the trial court placed much weight on the testimony offered by Fatima Bonanno ("Bonanno"), who was Adam's current schoolteacher. Bonanno presented testimony indicating that a change in Adam's living arrangements would be disruptive and would cause an adverse effect.
In overruling appellant's motion, the trial court expressly stated that none of the factors contained in R.C.3109.04(E)(1)(a) were established and that, in reviewing the factors set forth in R.C. 3109.04(F)(1), the child's best interest would be served by remaining in the custody, control, and care of appellee. Finally, the court determined that Adam's desire to reside with appellant was not sufficient, in itself, to warrant disrupting his life by separating him from appellee, who has had custody of him since he was two-years-old.
The record further reveals that evidence was presented indicating that Adam was diagnosed with Attention Deficit Disorder and Hyperactivity and has taken Ritalin for those conditions since being in the first grade. Furthermore, Bonanno presented testimony that during a short period when Adam was taken off the medicine, he was uncontrollable, disruptive in class, and unable to learn anything. Bonanno further testified that she had a conference with appellee, that Adam was then placed back on the medicine, and that once Adam was on the medicine, he was functioning better. Bonanno later testified that during a two week period when Adam was staying with appellant, she had a conference with her about the need for Adam to take the medicine, at which time appellant stated that she did not believe in the medicine and indicated that she would not give it to her son. Bonanno then stated that the only reason Adam received his medication during the two week period he stayed with appellant resulted from the fact that appellee brought it to the school where it was administered.
Finally, the trial court was presented with evidence from witnesses who testified that, in their opinion, Adam and appellee had a good father-son relationship.
After the trial court entered judgment, appellant timely filed a notice of appeal, and now asserts the following assignments of error:
 "[1.] The trial court abused its discretion in finding that a change of circumstances did not occur.
 "[2.] The trial court abused its discretion in not reviewing the best interest standard, and in finding that the advantages of a change of environment are outweighed by the harm."
In the first assignment of error, appellant claims that a change of circumstances has occurred by virtue of the fact that Adam has expressed a strong, unwavering desire to live with her and has reached an age of sufficient reasoning ability.
R.C. 3109.04(E)(1)(a) governs the modification of a prior judgment allocating parental rights and responsibilities, and provides the following:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
A trial court's decision concerning R.C. 3109.04 will not be disturbed on appeal absent an abuse of discretion. Davis v.Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. Furthermore, pursuant to R.C. 3109.04(E)(1)(a), the party moving for a change in custody must satisfy a three-pronged test and demonstrate that: "(1) a change of circumstances has occurred since the last custody order; (2) a modification of custody would serve the best interests of the child; and (3) the harm caused by the change in living arrangements is outweighed by the advantages of the proposed modification. " In re Neale (Feb. 6, 1998), Trumbull App. No. 97-T-0084, unreported, at 5; Sickinger v. Sickinger (Apr. 5, 1996) Ashtabula App. No. 95-A-0046, unreported, at 6.
The "change in circumstances" need not be substantial; rather, "the change must be a change of substance, not a slight or inconsequential change. " Davis, 77 Ohio St.3d at 418. The maturing of a child may constitute a change in circumstances, but "age alone is not a sufficient factor." Id. at 420.
Contrary to appellant's contentions, the trial court did find that a change of circumstances occurred. In paragraph six of the judgment entry, the trial court stated that the change which has occurred in this case resulted from Adam's expressed desire to reside with appellant. Instead, the judgment entry of the trial court reveals that it refused to grant appellant's motion on the basis that appellant had failed to demonstrate that it would be in the best interests of Adam to modify the prior order of custody. Thus, appellant's first assignment of error is not well taken.
In the second assignment of error, appellant contends that the trial court abused its discretion by failing to review the best interest standard and failing to address other changes in the Adam's life which were testified to at the hearing.
The best interests standard requires a trial judge to consider the factors set forth in R.C. 3109.04(F)(1).Davis, 77 Ohio St.3d at 421; In re Neale, supra, at 6. Additionally, in reviewing those factors, the trial court should be guided by a strong presumption in favor of maintaining the status quo. In re Neale, supra, at 7. This court also has held that "[t]he movant seeking a change in custody bears the heavy burden of producing evidence relating to the above factors [contained in R.C. 3109.04(F)(1)] that is sufficient, in the trial court's judgment, to overcome the presumption that custody should remain the same." Id. Finally, "in the absence of any indication to the contrary, [this court] will assume that the trial court considered all of the relevant factors" which must be reviewed in determining the best interests of a child. Sickinger, supra, at 9.
Once again, contrary to appellant's contention, the trial court's judgment entry reflects the fact that the trial judge considered the best interests of Adam. In that judgment entry, the trial court wrote, "[a]fter reviewing all of the factors set forth in O.R.C. 3109.04(F)(1), the child's best interest is served by remaining in the care, custody, and control of the Plaintiff-Father [appellee]." The trial judge also referenced the fact that it was particularly influenced by the testimony of Bonanno that the advantages in a change in Adam's environment were outweighed by the harm likely to result from such change.
Evidence was presented at the hearing on appellant's motion, which if believed to be true, showed that: (1) Adam suffered from Attention Deficit Disorder and Hyperactivity; (2) Adam was prescribed Ritalin for his medical condition; (3) when not taking the Ritalin he was disruptive at school, uncontrollable, and unable to learn; (4) appellant did not believe in the use of such medicine and refused to provide it to Adam, which during a two week period when Adam resided with her, caused appellee to take it to Adam's school for it to be administered; and (5) Adam's relationship with appellee was normal and healthy. Thus, in reviewing the evidence presented, we cannot say that the trial judge abused its discretion in concluding that Adam's best interests would be served by remaining with appellee. Accordingly, appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are not well-taken and the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division is affirmed.
 ---------------------------------- PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.